

FILED BY ___ *LS* ___

Deputy Clerk

Feb 1, 2016

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Lauderdale

(1" from top of page, and centered,
begin title of Court)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. _____ – Civ (Judge's Last Name/Magistrate's Last Name)**

16-CV-60192-Bloom/Valle

Kalliope Vitakis
(Full Name of Plaintiff/s)   ,

   Plaintiff (s)

vs.

Oasis Outsource / Everglades College / DBA Keiser University
(Full Name of Defendant/s),

   Defendant(s).

_____/

## COMPLAINT

I, Kalliope Vitakis , plaintiff, in the above styled cause, sue defendant(s): Oasis Outsource / Everglades College / DBA Keiser University .

This action is filed under (indicate under which federal law or section of the U.S. Constitution this action is being filed): Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

Dated: Month, day, year                     Respectfully submitted,
1/29/2016

                                            Kalliope Vitakis Pro Se
                                            Name of Filer
                                            Attorney Bar Number (if aplicable)
                                            Attorney E-mail Address (if applicable) K Vitakis@hotmail
                                                                                     .com
                                            Firm Name (if applicable)
                                            Street Address PO Box 667304
                                            City, State, Zip Code Pompano Beach, FL 33066
                                            Telephone: (xxx)xxx–xxxx 954-812-4531
                                            Facsimile: (xxx)xxx–xxxx
                                            Attorneys for Plaintiff/Defendant [Party Name(s)]
                                             (if applicable)

## Certificate of Service

**I hereby certify** that a true correct copy of the foregoing was serviced by <u>US Mail</u> on <u>February 1, 2016,</u> on all counsel or parties of record on the Service List below.

*Kalliope Vitakis Pro Se*

**Signature of Filer**

## SERVICE LIST

Party Name: Kalliope Vitakis Pro Se
Email: kvitakis@hotmail.com
Street Address: PO BOX 667304
Pompano Beach, Florida 33066
Phone: 954-812-4531

Party or Attorney Name: Oasis Outsource

2054 Vista Parkway Suite 300
West Palm Beach, Florida 33411
888-818-9797

Party: Everglades College/DBA
Keiser University
1900 West Commercial Blvd. Suite 100
Fort Lauderdale, Florida 33309
954-351-4040

(1" from top of page, and centered, begin title of Court)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____ -CV-_____
                                        (Judge's Last Name/Magistrate's Last Name)

_____

_____

Kalliope Vitakis_____
(Full Name of Plaintiff/s)  ,

     Plaintiff (s)

vs.
Oasis Outsource_____
Everglades College/DBA
Keiser University_____
(Full Name of Defendant/s),

     Defendant(s).
_____/

_____ Discrimination Complaint _____
### TITLE OF DOCUMENT

I, Kalliope Vitakis _____ [plaintiff or defendant], in the above styled

cause, was discriminated, harassed, bullied, mocked,

intimidated and ridiculed by upper management

and co-workers. The Notice of Suit Rights is

attached as Exhibit 1. Plaintiff was discriminated

under her Title VII of Civil Rights Act of

1964 and the Americans with Disabilities

Act.

Plaintiff was hired by Keiser University to work for their online division known as Keiser University eCampus located at 1900 West Commercial Blvd. Fort Lauderdale Florida, 33309, on May 26, 2009, as an Admission Counselor.

Plaintiff was forced to seek legal advice from Jason G. Barnett, PA as her legal counsel for her worker's comp case(s) because her work restrictions were not being met. (See Exhibit 1 from Plaintiff's Rebuttal EEOC Case # 846-2014-25056.) This was also a direct retaliation from the Plaintiff being part of a class action suit against Keiser University. Plaintiff was discriminated going to her required Physical/Aqua Therapy. Plaintiff's ADOA, Scott Deming advised her that if she didn't work her correct hours, it would be viewed as a time and attendance issue. Plaintiff was also retaliated by upper management and viewed her attending her therapy as violating the time and attendance policy. (See Exhibit 25 and 31 Also Exhibit 26 from former co-worker Natacha Villedrouin (Reynolds) from Plaintiff's Rebuttal EEOC Case # 846-2014-25056). Plaintiff was being discriminated against by not allowing her to work around her shift hours and using all her Personal leave time for her required Physical/Aqua Therapy, while fellow co-workers on her own team, ADOA, Scott Demining's Team, were able to work a different shift due to family obligations.

During the course of Plaintiff's employment, she was injured. She had to wear two full size braces and use a walker. While using the walker, she was discriminated for bathroom stall usages and co-workers mocking her and the issue was not handled to meet Plaintiff's needs. Upper management, Director of Admission (DOA), Shelly Ruth, yelled at her on the open floor causing a hostile environment and Plaintiff's Associate Director of Admission (ADOA), Scott Deming laughed at her and stated, "What do you want me to do about it?" The only advice the Plaintiff received from the Director of HR, Bill Searle was basically stating that, "soon your brace on your leg will be removed and that would help." However, Plaintiff was seeing different worker comp doctors and that remark from HR was noted from only the doctor seeing her for her left leg, it had nothing to do with her right leg or the use of the walker. Plaintiff's restrictions were to use the walker and wear both full leg braces from the two different doctors that were treating her leg injuries because worker's comp sent her to two different worker's comp doctors-one for left leg and a different doctor for her right leg injury.

Plaintiff had multiple injuries and restrictions while working for Keiser University eCampus. Plaintiff's restrictions were not met. The day Plaintiff was terminated, Upper Management, Sherry Olsen wanted her to park in a location that was against her restrictions. Within several minutes after replying to Jennifer Campbell, HR email for request for accommodations, (See Exhibit 2), the Plaintiff was ordered into Sherry Olsen's office and terminated over a parking space. Shelly Ruth stated, "You are accident prone!" and Sherry Olsen stated, "Due to your disability effective immediately it is better that we part ways." Plaintiff was in shock and stated, "Over a parking space?" Plaintiff was in emotional duress and had to go to hospital because her blood pressure wouldn't come down. That made the second time in the same month that Plaintiff was in the hospital caused from a hostile working environment from upper management. Earlier

in the month, DOA, Shelly Ruth stated to ADOA, Tony Aiello that she was out to get Plaintiff. Plaintiff confronted her ADOA, Tony Aiello since she was walking to the restroom and heard the conversation. Plaintiff's ADOA confirmed what she heard. The harassment continued from DOA, Shelly Ruth and that harassment landed the Plaintiff in the hospital on April 7, 2014. Plaintiff asked assistance from HR again. Nothing was ever done to DOA, Shelly Ruth for her ongoing harassment and intimidation towards Plaintiff.

Plaintiff was ridiculed because of her National Origin, Greek and her disability. Plaintiff's co-worker, Kevin Jones compared her being Greek to the "N" word and that she should be out in the field picking cotton. He would play games and take her walker away from her and hide it while she was on the phone speaking with a student. Her ADOA, Scott Deming would laugh and say he was only joking. The Plaintiff didn't think it was funny. Plaintiff went to HR, her ADOA, Scott Deming and Upper Management for help. The results, Kevin Jones received Plaintiff's Promotion. Moreover, ADOA, Scott Deming, moved Plaintiff next to Kevin Jones so the racial slurs, offensive joking, intimidation, mocking statements and insults interfered with Plaintiff's performance and the harassment escalated. Plaintiff's ADOA, Scott Deming, Retaliated on her Performance evaluation for her being Greek and her country, Greece in the meeting held in April 2013. Finally, DOA, Shelly Ruth, advised Plaintiff that, "No Greek would ever be promoted to ADOA." Plaintiff went to HR and Upper Management for help to stop the ongoing harassment from co-workers, ADOA, Scott Deming and DOA, Shelly Ruth. The after effect was retaliation on her Performance Evaluation dated in April of 2013 and April of 2014. Plaintiff went to Sherry Olsen on multiple dates to discuss the ongoing harassment from her ADOA and DOA. (See Exhibit #3 letter to Sherry Olsen about Intermediate Algebra Scores and the hostile Environment Shelly Ruth was causing). Plaintiff asked to be moved to a different department so that she wouldn't have to be under DOA, Shelly Ruth or ADOA, Scott Deming supervision. While on ADOA's Scott Deming's team, Plaintiff was the only Admission Counselor that had to send an email to her ADOA and state the person she was speaking with and what time she ended the call if it past her scheduled working hours. From June 2011, Plaintiff asked to move from ADOA Scott Deming's team. It wasn't until the near year end of 2013, that Plaintiff was moved to another team on Admission, ADOA Tony Aiello. Even after being moved to another team, DOA, Shelly Ruth continued to harass Plaintiff. She would yell at Plaintiff on the open floor. She would state to Plaintiff that she had to stay late after her shift was over and had to make more enrollments because she needed her numbers before the night was over. Furthermore, Plaintiff was the only Admission Counselor that was ordered to remove all files and paper documents from her desk. She was again discriminated and doing this was against her worker's comp restrictions. (See Exhibit # 4 letter to Sherry Olsen addressing meeting).

Due to Plaintiff's disability and worker's comp restrictions, she was unable to walk stairs. All professional training for Plaintiff's job was held upstairs. Plaintiff was first injured on her right knee/leg in November of 2009. All meetings and training were on the 2nd floor. There was No elevator or "LIFT" installed until 7/13/2012. (See Exhibit _29_ from Plaintiff's Rebuttal EEOC

Case # 846-2014-25056.) The License Expired on 8/1/2013 and the "LIFT" elevator was ticketed for compliance. It has not been operable since August of 2013. Prior to Plaintiff being terminated, all Admission Counselors had a month long training on the new system that was to take effect in April of 2014. Since training was upstairs, Plaintiff was denied the month training and practice on the new system.

Plaintiff was discriminated, intimidated, retaliated against and harassed by her co-workers and upper management for years for her disability, her national origin of being Greek and coming from Greece, and her disability having restrictions from a worker's comp injury(s) prior to her termination. Plaintiff will present her Rebuttal EEOC Case # 846-2014-25056 as her evidence of pictures, emails, and letters that will prove that there was ongoing discrimination, intimidation, retaliation and harassment that violated her rights under Title VII of the Civil Rights Act of 1964, and the Disabilities Act of 1990.

The Plaintiff is asking for monetary compensation to include back and front pay to include loss of earning and benefits suffered from the discrimination, $300,000 in punitive damages, $300,000 in ADA compensation, compensatory damages of $1,500,000 and all fees and cost associated to this case and any other compensation this court is authorized to award. Plaintiff is also asking that Keiser University terminate the upper management staff and co-workers that were involved in discriminating and harassing the Plaintiff. Also that Shelly Ruth, Sherry Olsen and Scott Deming not be allowed to oversee or have any type of supervisory position if they cannot be terminated.

## SERVICE LIST

Oasis Outsource
**Party or Attorney Name**

Everglades College/DBA Keiser University
**Party or Attorney Name**

_____
**Attorney E-mail Address** *(if applicable)*

_____
**Attorney E-mail Address** *(if applicable)*

_____
**Firm Name** *(if applicable)*

_____
**Firm Name** *(if applicable)*

2054 Vista Parkway Suite 300
**Street Address**

1900 West Commercial Blvd Suite 100
**Street Address**

West Palm Beach, FL 33411
**City, State, Zip Code**

Ft. Lauderdale, FL 33309
**City, State, Zip Code**

Telephone: 888-818-9997

Telephone: 954-351-4040

Facsimile: _____

Facsimile: _____

_____
**Attorneys for Plaintiff/Defendant**
*[Party's Name(s)] (if applicable)*

_____
**Attorneys for Plaintiff/Defendant**
*[Party's Name(s)] (if applicable)*

Dated: _1/29/2016_
Month, day, year

Respectfully submitted,

_Kalliope Vitakis, Pro Se_
Name of Filer

_____
Attorney Bar Number *(if applicable)*

_Kvitakis @ hotmail.com_
Attorney E-mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

_PO Box 667304_
Street Address

_Pompano Beach FL 33066_
City, State, Zip Code

Telephone: _954-812-4531_

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant *[Party Name(s)]*
*(if applicable)*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by _US Mail_

_____ [specify method of service] on _2/1/16_ [date]

on all counsel or parties of record on the Service List below.

_Kalliope Vitakis, Pro Se_
Signature of Filer

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Kalliope Vitakis<br>Po Box 667304<br>Pompano Beach, FL 33066 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2014-25056 | George W. Ruggiano,<br>Investigator | (305) 808-1805 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Nitzen Senta Wright*      OCT 1 2015

Enclosures(s)      Ozzie L. Black,      (Date Mailed)
Acting District Director

cc:    Respondent's Representative
Timothy Tack, Esq.3550
Buschwood Park Drive
Suite 135
Tampa, FL 33168

Exhibit 1

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

MIAMI DISTRICT OFFICE
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI TOWER
ONE NORTHEAST 1st STREET
SUITE 1500
MIAMI, FLORIDA 33131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

7014 3490 0000 6437 3333

10-09

33065894585

1st NOTICE
2nd NOTICE
RETURNED

5/12/11
F.221

Right after I replied to this email for accommodations, I was terminated.

From: kvitakis@keiseruniversity.edu
To: jcampbell@keiseruniversity.edu
CC: solsen@keiseruniversity.edu; bsearle@keiseruniversity.edu; jarnett@keiseruniversity.edu;
rglasser@keiseruniversity.edu; stephen@barnettlawyers.com
Subject: RE: Request for Accommodation
Date: Wed, 30 Apr 2014 20:52:17 +0000

Dear Jennifer,


Just to clarify because I think there is some confusion, my restrictions are based on my active
worker's comp injury (s). Oasis should already been copied by worker's comp case manger every
time I see the doctor. The same things noted in these forms are the same things noted as to my
restrictions already provided by my doctor. I reminded Sherry Olsen of my restrictions a few weeks
ago when I was asked to do something that was against my restrictions.


I have no problem in getting any paperwork that needs to be completed taken care of. As far as
seeing the doctor before 5-9, I will have to let you know because my next appointment is not until
June with the doctor. I do not know if he will have a cancellation to see me any sooner. Therefore, I
will need more time if I cannot get a sooner appointment .


Let me know if you have any problem with that.


Thank you and have a great day.


Kalliope Vitakis

Admissions Counselor

Keiser University Online Division

Exhibit 2

1900 W. Commercial Boulevard Suite 100

Fort Lauderdale, FL.  33309

PH. (954) 351-4040 ext. 257

Toll-Free:  888-453-4737 ext. 257

Fax:  (954) 745-8512

kvitakis@keiseruniversity.edu


Live-Chat Now Link: http://online.keiseruniversity.edu/live_chat.htm


Refer a friend and spread the benefits of education!

Click on the link or have a friend contact me for further information: kvitakis@keiseruniversity.edu


ACCREDITATION: Keiser University is accredited by the Commission on Colleges (COC) of the Southern Association of Colleges and Schools (SACS - 1866 Southern Lane, Decatur, Georgia 30033-4097: Telephone 404-679-4501) to award certificates and degrees at the associate, bachelor's, master's and doctoral levels.


Confidentiality Notice: This message is intended exclusively for the individual to whom it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Thank you.

**From:** Jennifer Campbell HR
**Sent:** Wednesday, April 30, 2014 4:05 PM
**To:** Kalliope Vitakis
**Cc:** Sherry Olsen; Bill Searle; Johanna Arnett
**Subject:** Request for Accommodation
**Importance:** High

Good afternoon Kalliope,

This email is in response to your conversation today with VP, Sherry Olsen and HR requesting a designated parking spot; due to your request for an accommodation beyond the standard handicap parking spaces provided to all employees. Please be advised that Keiser University's practice is to have any accommodation / modification requested by an employee to be accompanied by the appropriate ADA documentation for review.

In order to take this request into consideration, we will require additional information from you. Please see the attached ADA paperwork for you and your treating physician to complete. Additionally, Click Here to access a copy of your job description for you to bring to your physician which will aid in completing the forms. All the required paperwork should be submitted on or before Friday, May 9th for review and consideration. In the event, you will need additional time to submit the request please do not hesitate to reach out to myself or Reilly Glasser in the HR Department.

Thank you,

*Jenny M. Campbell*

Sr. Human Resources Generalist ~ HR Operations

Office of the Chancellor

1900 W. Commercial Blvd.

Ft.Lauderdale, FL 33309

Office – (954) 776–4476 ext. 1316

Fax –(954) 453–9483

HR Portal Homepage (for internal employees): http://ksportal/hr/default.aspx

Jcampbell@keiseruniversity.edu

**Exhibit List from Rebuttal documents for  EEOC case file #: 846-2014-25056**

Exhibit 1---------- Letter from Jason G. Barnett, PA to Keiser University dated August 16, 2012

Exhibit 25-------- Email to ADOA Scott Deming dated August 15, 2013

Exhibit 26--------Letter from Natacha Villedrouin (Reynolds) dated July 3, 2015

Exhibit 31-------Email to HR Jo Van Engen dated August 25, 2012

Exhibit 29------Elevator information from  City of Fort Lauderdale

Law Offices of

# JASON G. BARNETT, P.A.

1132 SE 2nd  Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 618-1776
Fax: (954) 618-1777

August 16, 2012

Kaiser University
1900 W. Commercial Blvd.
Fort Lauderdale, FL 33309

| | |
|---|---|
| Claimant: | Kalliope Vitakis |
| Employer: | Kaiser University |
| D/A: | November 16, 2009 |

Dear Sir/Madam:

As you are aware, we represent Kalliope Vitakis in regard to the above referenced workers'
compensation case.  It has come to my attention that you are forbidding Ms. Vitakis from
attending her mandatory aquatic therapy prescribed by the workers' compensation doctor.   I can
assure you that Ms. Vitakis would have preferred not to have been injured on your job;  however,
she is required to attend this treatment by the workers' compensation law or she will be accused
of being non-compliant and possibly waive her right to benefits under Florida's workers'
compensation law.   Any attempt to fire our client or intimidate her for simply attending
mandatory treatment with the workers' compensation doctor will be viewed as a retaliatory
discharge/conduct matter expressly prohibited by the workers' compensation law.   If you have a
lawyer that represents you in this matter, please immediately have them contact me to discuss.

Very truly yours,

Jason G. Barnett, Esquire

Exhibit 1

# FW: Our Conversation Last Week

Subject: Fw: Our Conversation Last Week
To: kvitakis@hotmail.com
From: kvitakis@keiseruniversity.edu
Date: Wed, 15 Aug 2012 00:18:17 +0000

The information in this email is not all correct. What I stated in the meeting was that I felt that upper management espectially Shelly was retaliating against me because of the Keiser Law Suite and my Worker's Comp case. I wasted a half of the day in meetings proving that I do have an active Worker's Comp case. My rights are being violated by not meeting by doctor's requirments. The doctor that they picked me to go too.

I do not have an attitude problem. I do my job and do it well. My student's always come first. I asked Shelly for a meeting for 3 weeks in the month of July. NEVER got heard. I asked for assistance from you in July also NEVER happened. You cannot have it both ways when I am advised by doctor's orders to stay home and not communicate with my students or you. You being my manager should take it upon yourself and follow up with every student listed in the contact manager for that day that someone is out on your team.

Since May when the new hour rate was passed, you were very much aware that Shelly stated she had no problem with me working around my hours for PT. I was also put on the wonderlic project which we were told to come in early to handle those students. We were also allowed 4 hours of OT per week for that as well.  I have been doing the wonderlic project since July.

This time issue is a retaliation to my FMLA/WC and Keiser Law Case. Simce June My JOB has been threatened. I still came into the office and did my job. I have always met my weekly talk time.

As far as my contact manager, it wasn't until our meeting that I was notified to close out all pending receive application activities. Once those are completed, Most of my activies will be up to date.

My system has worked for years. In your own words,"why break something that works."

As far as PTO, are you telling me that you now handle FMLA? I was advised by HR to send email to Dana.

As far as my passing over the hours, I make comments to you when you are leaving about any calls that I am on phone or need to put my notes in before I leave. You tell me to send you email which I always do. How can that time be determind? Did you send out a similar email to everyone on our team? Because I do not believe you have. And if you are treating me differently than anyone else on the team this is viewed as a retaliation.

Sent via BlackBerry by AT&T

**From:** "Scott Deming" <sdeming@keiseruniversity.edu>

Exhibit 25

**Date:** Tue, 14 Aug 2012 19:33:08 -0400
**To:** Kalliope Vitakis<kvitakis@keiseruniversity.edu>
**Subject:** Our Conversation Last Week

Hello Kalliope,

Per our conversation last week it is vital that you adhere to the schedule that we have designated for our team. (10am-7pm Tue-Fri, 9am-6pm Sat) Any additional time outside of the designated schedule must be approved by me in advance. In the event that the time is approved you must send me an email regarding the additional time that you are here and the student that you are speaking with. You are not to make any outbound calls beyond our scheduled hours without having approval prior to calling. If you are consistently staying over your time this can be considered a violation of time and attendance.

Any PTO requests or changes in your schedule should be sent to me. Please do not  send these notifications to Dana.

We also discussed your attitude recently and how it is affecting your overall performance. I expect that you will come in each day with a positive attitude and be productive within the hours allotted.

Part of your struggles have been due to your attitude. Another part of this has to do with your organization as it relates to your Contact Manager in Campus Vue. You are not meeting our departmental standards in this area. Last week we reviewed it and saw numerous past due activities. This week it is important that you focus on reducing your past due activities.

As discussed please focus on past due activities from August 1st and now. Once you get a handle on these activities we can look at other items to clear out in your contact manager.

I am here to support you in any way that I can. I believe that you are a great and talented admissions counselor. Let me know if I can be of any assistance.

Sincerely,

# Scott Deming

**Associate Director of Admissions**
**Keiser University**
**1900 W. Commercial Boulevard, Suite 100**
Fort Lauderdale, Fl 33309
**PH.      (954) 318-1620 ext. 303**
**Toll-Free   888-453-4737 ext. 303**

**Fax     (954) 318-7594**
**sdeming@keiseruniversity.edu**

**Live-Chat Now Link:** http://online.keiseruniversity.edu/live_chat.htm

## Refer a friend and spread the benefits of education!

**Click on the link or have a friend contact me for further information:**
sdeming@keiseruniversity.edu

*ACCREDITATION: Keiser University is accredited by the Commission on Colleges (COC) of the Southern Association of Colleges and Schools (SACS - 1866 Southern Lane, Decatur, Georgia 30033-4097: Telephone 404-679-4501) to award certificates and degrees at the associate, bachelor's, master's and doctoral levels.*

*Confidentiality Notice:* **This message is intended exclusively for the individual to whom it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Thank you.**

Natacha Villedrouin (Reynolds)
305-684-4859
villedrouin1@gmail.com

July 3, 2015

Subject: Kalliope Vitakis

To Whom It May Concern,

This letter is to discuss the issues and difficulties that Ms. Kalliope Vitakis has experienced while employed at Keiser University (KU). I worked with Kalliope from April of 2011 until February 2012 as an Admissions Counselor on the same team for the majority of my employment with KU. We have also maintained our relationship outside of KU.

I am honored to speak highly of Ms. Vitakis, from 2011- 2012 she was always one of the very best Admissions Counselors. Her performance was excellent; she exceeded the monthly goals and was very caring towards all the students she spoke with. She also went out of her way to help other Admission Counselors in succeeding in their position as well. Ms. Vitakis is very articulate, knowledgeable, organized, detailed oriented and extremely smart; a role model to any professional. She was always the first in to work and the last to leave, on the days that she did not have physical therapy to complete, due to the accident she incurred while employed at KU.

Due to her success as an Admissions Counselor, Ms. Vitakis has trained many managers who are still employed with Keiser University now. She was also made many promises of promotion, which were never realized. The reality is that promoting Ms. Vitakis to management would mean a reduction of student enrollments, so Ms. Vitakis, was made many empty promises just to keep her employed in hope of a promotion.

I can personally attest that Scott allowed me and another co-worker on his team to change our shift hours to maintain their 40 hour shift in order to accommodate our families. I remember Kalliope stating it was not fair that he didn't treat all his team members alike, and had to provide a doctor's note in order to attend her physical therapy sessions. I can also attest to the fact that in October of 2012, I lived behind Kalliope Vitakis and that I was cooking her meals after her accident of October 19, 2012. As I realized that she was in a lot of pain and was having a hard time getting around in braces on both legs. Prior to her accident of October 19, 2012, Kalliope Vitakis was using a walker but only wearing a brace on one leg, her right leg. I can attest that she was in a lot pain and that she still went to work everyday and was a very successful Admission Counselor. She never let her pain interfere with the success of her students.

Fairness, honesty, and integrity are not qualities that managers and upper managers, like Shelly Ruth transmit when dealing with employees or students for that matter. Lying and intimidation are the ways in which she deals with counselors. The way Ms. Vitakis has been treated during her employ at Keiser University is unfair and unethical. This company needs to be investigated for the manner of how long time employees like Ms. Vitakis are treated.

Sincerely,

Natacha Villedrouin

Exhibit 26

Subject: RE: FMLA Clarification - Kalliope Vitakis
Date: Sat, 25 Aug 2012 18:13:14 -0400
From: kvitakis@keiseruniversity.edu

Hi Ms. Jo VanEngen,

According to a meeting with Shelly Ruth, DOA, Dom Montalvo, President who sent me to HR Jennifer Campbell on August 7th, I was told that I needed to complete the FMLA paperwork in order to attend my medically necessary worker's comp PT. This accident happened in November 2009. Up until August 7th, I was allowed to go to my required PT and make up the difference in hours by staying late or coming in early. On August 7th, I was advised that if I attend PT during working hours it will be viewed at a time and attendance issue and ground to terminate me. I was advised by Jennifer Campbell, _UNTIL_ Oasis approved my intermittent leave to attend my required Worker's comp PT I cannot go. I hired an attorney to deal with this. Not having my required PT for the last 3 weeks has made my leg hurt and I am coming into work with pain every day. I am going backwards in my required worker's comp treatment.

I find it confusing that since 2009, I was never told that I needed to complete any FMLA paperwork for my Worker's Comp treatment or doctor appointments.

My new schedule that I have hinders me from scheduling any appointments around my work schedule to be at work at my scheduled time.

The certification is correct in the form it was written. The doctor can only authorize PT for 4 weeks at a time. I see the doctor monthly. This month, I saw him 2x due to the pain I was in from not being allowed to attend my required PT.


# Kalliope Vitakis

Admissions Counselor

*Keiser University Online Division*
1900 W. Commercial Boulevard Suite 100
Fort Lauderdale, FL. 33309
PH.      (954) 351-4040 ext. 257
Toll-Free  888-453-4737 ext. 257

Fax   (954) 745-8512
kvitakis@keiseruniversity.edu

Exhibit
.31

## General Information
Status:                    Licensed
BC ID Number:              11-00117
Folio Number:                                          License Issue Date:      07/13/2012
Building Name:             KAISER COLLEGE              License Expiration Date: 08/01/2013

## Job Location
Address:                   1900 W COMMERCIAL BLVD,
                           FORT LAUDERDALE, FL 33309
Jurisdiction:
Legal Description:

## Owner
Name:                      1900 BUILDING ASSOCIATES LTD

Address:                   1900 W COMMECIAL BLVD, SUITE 200
                           FORT LAUDERDALE, FL 33309
Phone Number:              (954) 776-6700
E-mail Address:            chandrasingh@keenandev.com

## Elevator Information
Type of Elevator:          Wheelchair Lift
Stories:                   2
Landings:                  2
Capacity        (lbs):     750
Last Inspection Date:      08/05/2013

## Elevator Maintenance Company
Company Name:              BALLARD CUSTOM ELEVATORS INC.
Company Address:           131 SW 5TH ST

                           POMPANO BEACH, FL 33060-
Company Phone Number:      (754) 222-6242

## Fee Information
Outstanding Fees:

Last Periodic Inspection:              08/05/2013

Compliance Pending (if any)

Exhibit 29